UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| HENRY J. BRIGHT, III, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:24-CV-202 |
| SULLIVAN COUNTY, TENNESSEE, *et al.*, | ) ) ) ) | Judge Curtis L. Collier |
| Defendants. | ) | |

## **MEMORANDUM & ORDER**

Plaintiff Henry J. Bright, III, a former prisoner at the Sullivan Count Jail, filed a complaint under 42 U.S.C. § 1983 (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). For the reasons set forth below, the Court will **GRANT** Plaintiff's motion (Doc. 1), and **DISMISS** Plaintiff's complaint (Doc. 2) for failure to state a claim.

**I.     MOTION TO PROCEED *IN FORMA PAUPERIS***

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1.) Although the relevant statute specifically references the "assets such *prisoner* possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999.) When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather,

"whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001.) In reaching that determination, the Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted.)

Plaintiff does not appear to be currently incarcerated. Plaintiff's motion to proceed as a pauper, which was drafted "under penalty of perjury[,]" states that Plaintiff receives a monthly income of approximately $695 (Doc. 1 at 3) and has monthly expenses of approximately $2,075 (*Id.* at 7.) And even though Plaintiff owns some real estate, it appears he cannot bear the filing fee in this action without undue hardship. (*See id.* at 4, 6.) Accordingly, the Court **GRANTS** Plaintiff's motion. (Doc. 1.)

## II.     REVIEW OF COMPLAINT

### A.     Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must conduct an initial review of his complaint and dismiss any action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (quotations omitted); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (holding courts must screen complaints filed by non-prisoners proceeding *in forma pauperis* under § 1915(e)(2)), *overruled on other grounds by Jones v. Brock*, 549 U.S. 199 (2007).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B)] because the relevant statutory language tracks the

language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570.) Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972.) Even so, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting the leniency granted pro se plaintiffs still requires "basic pleading standards"); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is neither "to ferret out the strongest cause of action on behalf of pro se litigants" nor to "advis[e] litigants as to what legal theories they should pursue").

B. **Allegations of Complaint**

On October 31, 2023, Plaintiff, who is disabled, was arrested in connection with a traffic stop and was booked into the Sullivan County Jail. (Doc. 2 at 2.) Plaintiff was placed in a cell holding approximately thirty prisoners, some of whom were forced to sleep on a "cold," "nasty," "[u]rine[-]covered" bathroom floor. (*Id.*) "The only way to obtain a bunk was to fight. . . multiple violent criminals" for it. (*Id.*) Plaintiff "slept the entire night sitting up on a steel table." (*Id.*)

3

Even though the Sullivan County Jail has received "numerous [s]uits and [c]omplaints," the Tennessee Corrections Institute keeps renewing the jail's certification. (*Id.*)

Aggrieved, Plaintiff filed this action against Defendants Sullivan County Tennessee; the Sullivan County Sheriff's Office; the Sullivan County Sheriff, Jeff Cassidy; the Tennessee Corrections Institute; and the Tennessee Correction Institute Director, William Wall. (*Id.* at 1) seeking monetary and injunctive relief. (*Id.* at 2.)

### C. Analysis

To state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

#### 1. Individual-Capacity Claims

To state a claim against the individual Defendants in their respective personal capacities, Plaintiff must adequately plead that each Defendant, by his own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Therefore, constitutional liability cannot attach to a Defendant solely based on his position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").

Plaintiff's complaint does not contain allegations that either Sheriff Jeff Cassidy or William Wall personally participated in any alleged deprivation of Plaintiff's rights. Thus, Plaintiff has failed to state a claim against either of these Defendants, and the Court will **DISMISS** Plaintiff's individual-capacity claims against Defendants Cassidy and Wall.

### 2. Official-Liability Claims

Plaintiff has also named the Sullivan County Sheriff's Office and the Tennessee Corrections Institute ("TCI") as Defendants in this action. But a sheriff's office is not a "person" subject to liability under § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-CV-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).) Therefore, Plaintiff cannot maintain suit against the Sullivan County Sheriff's Office, and the Court will **DISMISS** this Defendant.

Additionally, suit against the TCI and its director in his official capacity is the equivalent of suit against the State of Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But a state is not a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Morrow v. Montgomery Cnty. Sheriff's Dep't*, No. 3:12-CV-801, 2012 WL 3561069, at *3 (M.D. Tenn. Aug. 16, 2012) ("[T]he Tennessee Corrections Institute is immune from suit under Section 1983 as an arm of the State of Tennessee."). And the Eleventh Amendment typically "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Mich. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984).) As there has not been congressional abrogation or waiver of immunity, Plaintiff's claims against TCI and its director in his official capacity are barred by the Eleventh Amendment. *See, e.g., Quern v. Jordan*, 440 U.S. 332, 345 (1979) (finding § 1983 does not waive state sovereign immunity); *Berndt v. State of Tennessee,* 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983); *WCI, Inc. v. Ohio Dep't of Pub. Safety*, 18 F.4th 509, 513–14

5

(6th Cir. 2021) (holding state officials sued in official capacity immune from suit under doctrine of sovereign immunity absent consent). Therefore, the Court will **DISMISS** Defendant TCI and Plaintiff's official-capacity claims against its director, Defendant William Wall.

Sullivan County, however, is a suable entity. But for Plaintiff to state a claim against Sullivan County, or against Sheriff Jeff Cassidy in his official capacity, Plaintiff must plausibly allege that a custom or policy of Sullivan County caused a violation of his constitutional rights.[1] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for a constitutional violation when the violation resulted from "implementation of [the municipality's] official policies or established customs"). Here, Plaintiff's allegations imply that Sullivan County has a policy or custom of ignoring allegedly unconstitutional conditions at the Sullivan County Jail. (*See generally* Doc. 1.) Therefore, the Court considers whether Plaintiff's conditions-of-confinement allegations give rise to a constitutional violation. Considering these types of cases, the Sixth Circuit has held:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007.)

As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981.) Rather, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" will

---

[1] Plaintiff's claims against Sheriff Cassidy in his official capacity are actually against Sullivan County itself. *See Graham*, 473 U.S. at 166; *Monell*, 436 U.S. at 690 n.55 ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent").

establish a cognizable conditions-of-confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (citations and internal quotation marks omitted.) And regarding the second element, a defendant demonstrates deliberate indifference to a pretrial detainee by acting "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"[2] *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted.)

Applying these standards, the Court finds that Plaintiff has not set forth any facts that would allow the Court to infer that the conditions he was exposed to on October 31, 2023, were sufficiently serious to meet the objective component of the deliberate indifference test. Overcrowding is not itself constitutionally problematic. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 541–43 (1979) (upholding double bunking of pretrial detainees in cells originally designed for one person). Instead, to support a viable overcrowding claim, a prisoner must allege that the overcrowding results in "deprivations denying 'the minimal civilized measure of life's necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citing *Rhodes*, 337 U.S. at 347). Here, Plaintiff complains that, for one night, he was forced to sleep sitting up on a steel table. But he does not allege that the overcrowded conditions denied him "a basic human need, such as food, shelter, or warmth[,]" and thus, his allegations fail to state a plausible § 1983 claim. *Starnes v.*

---

[2] The Court presumes Plaintiff was a pretrial detainee at the time of the incidents alleged. The Fourteenth Amendment's Due Process Clause protects detainees from being "punished prior to an adjudication of guilt[,]" *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while the Eighth Amendment protects convicted prisoners from "cruel and unusual punishments" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting U.S. Const. amend VIII). And while a plaintiff must establish "deliberate indifference" to his rights to state a claim under either amendment, the Eighth Amendment's standard is more rigorous, as a prisoner must allege facts meeting both an objective element of seriousness and a subjective element of conscious culpability under that test. *See Westmoreland*, 29 F.4th 721, 726, 728 (6th Cir. 2022).

*Green Cnty. Sheriff's Dep't*, No. 2:08-CV-244, 2010 WL 2165368, at *5 (E.D. Tenn. May 26, 2010).[3]

In sum, the inconvenience and discomfort Plaintiff experienced on October 31, 2023, are not of sufficient nature and duration to constitute "punishment" within constitutional protections under the Fourteenth Amendment. And where no violation of a plaintiff's constitutional rights occurred, a municipality cannot be liable under *Monell*. *Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) ("There can be no liability under *Monell* without an underlying constitutional violation" (quoting *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014)).) Therefore, the Court will **DISMISS** Plaintiff's claims against Sullivan County and Jeff Cassidy in his official capacity.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. Plaintiff's complaint will be **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A;

4. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure; and

5. An appropriate Judgment Order will enter.

---

[3] Plaintiff complains that approximately ten inmates in the cell were forced to sleep on the floor. But Plaintiff did not sleep on the floor, and he cannot assert the rights of other prisoners. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners").

8

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**